The bill in this case is filed by complainant for the construction of the will of Clara Heintz Johnson, who died October 24th, 1925. She was divorced from her husband, and had had some litigation before me over an alleged agreement for his support, which he charged she had made. She left no children, but made a large number of bequests. The bill is somewhat ambiguous with respect to some of them, but after the taking of testimony and hearing argument a *Page 16 
decree was advised which was practically agreed upon by all the solicitors then appearing before me.
I have just been advised that from this decree an appeal has been taken by Jennie Heintz, who is represented by Hugo Werner, Esq.
In clauses designated 3 and 20 of the testatrix's will she names one Jennie Hartman. For convenience, these two paragraphs are set forth herewith:
"Third. I give, devise and bequeath to my executor and trustee hereinafter named, in trust, all the real and personal estate owned by me, and the real estate located by street number 549-551-553-555 Pavonia avenue, Jersey City, N.J., the same to be held for the following reasons and purposes. I direct my executor and trustee hereinafter named, to sell the said real property located on Pavonia avenue, Jersey City, N.J., and personal estate, and out of the sum realized from the sale of my real property located on Pavonia avenue and also the property known as numbers 14 to 19 and 45 to 49, inclusive, block 1603 and 1602 Broadway, Jersey City, N.J. I do direct that the same go to and be divided by my said executor and trustee among the following person or persons in equal shares: To Charles Heintz, Mary Heintz, Clara Heintz, Adeline Adelaide Heintz, Ferdinand Heintz, Jennie Hartman, Bertha Hartman, Gus Hartman, Beatrice Hartman, Marie Hartman, Bertha Kerrig, Liddy Devender and William and Ida Schwartz, to them, their heirs and assigns forever."
"Twentieth. All the rest, residue and remainder of my estate, both real and personal, I do give and bequeath to my executor and trustee hereinafter named, or the survivor, in trust nevertheless, after paying all debts, legacies and testamentary charges, fees and commissions, taxes and other things as herein provided, I direct my said executors to collect the principal of any stocks, bonds, mortgages and other securities, and to reinvest the same from time to time as may be necessary; to foreclose any mortgage or other investments, and buy any mortgaged property that may be necessary for that purpose, and to resell the same, and to resell any other security from time to time as may be necessary, and to collect the income from my estate which may remain, as aforesaid. And I do direct my executor and trustee, after settling my said estate, to pay to the following-named persons — Charlie Heintz, Mary Heintz, Clara Heintz, Adeline Heintz, Adelaide Heintz, Ferdinand Heintz, and to Jennie Hartman, Bertha Hartman, Beatrice Hartman, Gus Hartman and Marie Hartman, and to Bertha Kerrigan, William Schwarts and Ida Schwarts, first the income of my estate, and after that shall have been used, my said executors and trustee hereinafter named, or the survivor, shall use such part of the principal, from time to time, at not less than six months apart, the purpose of creating this fund is for the purpose of having my relatives have a fund upon which to draw in equal shares therefrom *Page 17 
each six months until the income and principal of my said estate shall have been paid by my said executors and trustees, to said persons above named."
There is no relative by the name of Jennie Hartman, and Jennie Heintz claims she was the one intended. There is a Johanna Hartman, a blood relative; she is an infant defective, and cannot talk. She, of course, appeared by guardian. Jennie Heintz is the wife of Ferdinand Heintz, a cousin of the testatrix, and no intimacy between her and the testatrix was shown.
It appears throughout the will that the testatrix generally remembered the surnames of her relatives, but was not correct in some instances about their Christian name.
There were some errors in spelling, and one or two instances where the marriage names were omitted. There is no misspelling of the name Heintz, however, and it is not likely that she would have done this, as the testatrix's own name was Clara Heintz Johnson. Heintz was her maiden name.
Under the rule admitting proof to identify a legatee, some testimony came from the lips of a Mrs. Smith who lived next door to the testatrix, to the effect that she had been told by the latter that the name Jennie Hartman had been placed in her will instead of Jennie Heintz. This evidence I did not find satisfactory, as the witness, in one part of her evidence, speaks of a will that had been executed, and later says that it had not been drawn by Mr. Cutley at the time of the conversation. Moreover, the testatrix could have made any corrections desired in her will, as she lived almost one week after its date.
The testimony of Mr. Randolph Perkins, who represented Mrs. Johnson in her lifetime and was her counsel, is to the effect that she had spoken to him about making a will, and he had advised her to leave her property to relatives, and she said she would. This she did, making what appears to be an equitable distribution of her estate. Jennie Heintz, as before stated, was not a blood relative, but testatrix did not forget Ferdinand Heintz, the husband of Jennie Heintz, and Teddy *Page 18 
Heintz, the son of Jennie Heintz, both blood relatives, and both beneficiaries under her will.
It is my opinion, from a consideration of the testimony, the will, and the expressed intention of the testatrix to benefit her relatives, that Jennie Hartman, named in the clauses above set forth, was intended to be Johanna Hartman.